EL PUEBLO, DEMANDANTE Y APELADO, *v.* MEDINA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por acometimiento y agresión simple.

No. 2055.—Resuelto en junio 28, 1923.

EVIDENCIA INADMISIBLE—TESTIGO INHABIL.—En este caso el marido, acusado de acometimiento y agresión en la persona de la madre de su esposa, se opuso a que ésta, testigo del gobierno, declarara en su contra. *Se resolvió:* que constituyó error manifiesto la admisión del testimonio de la esposa bajo tales circunstancias.

PRUEBA—TESTIMONIO DE LA AGREDIDA.—Del hecho de que la corte se viera precisada a llamar al orden a la persona agredida por su manera de declarar en alta voz y del de que su declaración esté en conflicto con las de otros testigos de cargo; no se deduce necesariamente que no pueda servir de base para fundar en ella la sentencia, si merece crédito a la corte.

PRUEBA: APRECIACIÓN—*Nuevo juicio.*—Visto el error cometido por la corte al permitir la declaración de la esposa del acusado y pudiendo dicho testimonio haber influido en el fallo condenatorio dictado, se ordenó la celebración de un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Aponte, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Saturnino Medina fué denunciado por haber acometido y agredido a Norberta Arroyo. En el acto del juicio ocurrió lo que sigue:

"*Mercedes Pérez.*—Al comparecer esta testigo, que es la esposa del acusado, el abogado defensor se opuso a que declarara a preguntas del Fiscal, porque entendía que no debía declarar en este caso, debido a que no tenía el consentimiento expreso del marido, ni de su abogado defensor, el cual consentimiento no se le concedía.

"El Fiscal y la defensa argumentaron, y la Corte resolvió permitir la declaración contra la cual resolución anotó una excepción el acusado."

Declaró la testigo y lo hizo realmente en contra del acusado, su esposo. Al terminar, el acusado, por medio de su abogado, dijo:

"Sr. Juez, nosotros queremos dar una última oportunidad a la corte, y pedimos que V. H. se sirva eliminar la declaración de esta testigo y no tomarla en cuenta como prueba, porque está en franca oposición con la Ley de Evidencia, cuyos preceptos no permiten que un cónyuge declare contra el otro sin su consentimiento."

La corte declaró sin lugar la petición y el acusado anotó su excepción.

Terminado el juicio, el acusado fué condenado como autor de un delito de acometimiento y agresión simple a pagar veinte y cinco dólares de multa. No conforme, apeló para ante este tribunal.

Insiste el apelante en que la corte erró al permitir la declaración de la esposa. Tiene razón a nuestro juicio. La ley y la jurisprudencia son claras, terminantes, persuasivas.

"En el derecho común y también bajo algunos estatutos," dice Cyc, resumiendo la jurisprudencia, "el marido y la mujer no son competentes para declarar como testigos en favor o en contra el uno del otro, en procedimientos ya civiles o criminales; pero esta regla ha sido modificada en forma considerable por ciertos estatutos que

establecen la competencia del marido y la mujer para declarar. en favor o en contra el uno del otro en algunos ya que no en todos los casos, y en un reducido número de Estados las relaciones entre marido y mujer no afectan a la competencia de un testigo, excepto en lo que respecta a comunicaciones confidenciales. La regla del derecho común, sin embargo, prevalece aún excepto en cuanto ha sido modificada o derogada expresamente por un estatuto, y como la incapacidad se funda no sólo en el interés que exista en el resultado del pleito sino también en la política pública, los estatutos que destruyen meramente la incapacidad por razón de interés no destruyen, sin embargo, la incapacidad que surge de las relaciones entre marido y mujer. Ni tampoco un estatuto que permite a una persona acusada de delito declarar en su favor, da competencia para declarar como testigo al marido o a la mujer de tal persona. Por el contrario, un estatuto que establece la competencia del marido y la mujer no habilita como testigo a quien es incompetente por razones distintas a las relaciones maritales. Esta cuestión está en la actualidad regulada por estatutos, que varían grandemente en las distintas jurisdicciones, y a tales estatutos hay que acudir para determinar cuál es la regla de derecho que rige actualmente en cualquier estado y si determinado principio es aplicable o no en el mismo.'' 40 Cyc. 2210-13.

La ley en Puerto Rico está contenida en el artículo 40 de la Ley de Evidencia que, copiado en lo pertinente, es como sigue:

''No se podrá examinar una persona como testigo en los casos siguientes:

1. Un marido no podrá ser examinado a favor ni en contra de su mujer, sin el consentimiento de ésta; ni una mujer a favor ni en contra de su marido, sin el consentimiento de éste; * * * pero esta disposición no será aplicable a una acción o procedimiento civil por uno de los cónyuges contra el otro, ni a una acción o procedimiento criminal por un delito grave cometido por uno de ellos contra el otro.''

No es, pues, aquí la prohibición absoluta. Si se presta el consentimiento, desaparece la prohibición legal. Pero si no sólo no se presta, sino que se niega expresamente, no com-

prendemos cómo la corte admitió el testimonio ofrecido por el fiscal.

"Es esencial para la felicidad de la vida social," expresa Greenleaf, "que la confianza que siempre ha existido entre marido y mujer sea protegida y fomentada como algo sagrado, en el más amplio sentido; y destrozar o corromper los grandes principios que protegen la santidad de esa relación, sería destruir el mayor bienestar de la existencia humana." 1 *Greenleaf on Evidence*, 324.

El otro error señalado por el acusado-apelante para pedir no sólo la revocación de la sentencia, si que también su absolución, no existe, a nuestro juicio.

Sostiene el apelante que la declaración de la supuesta agredida no merece entero crédito, porque la propia corte se vió obligada a llamar la testigo al orden por la forma en que se manifestaba y porque su declaración está contradicha por la de los otros testigos del propio fiscal.

Consta de los autos que la corte llamó la atención a la testigo por su manera de declarar en alta voz. Esto nada destruye el crédito que pueda merecer su testimonio. El conflicto que pudiera notarse entre las declaraciones de los testigos Arzón y Meléndez y la declaración de la supuesta perjudicada, correspondería dirimirlo a la corte sentenciadora. Por el solo hecho de que exista tal conflicto no puede sostenerse aquí que la declaración de la dicha supuesta perjudicada Norberta Arroyo, no merezca entero crédito y por tanto que no pueda servir de base por sí sola para un fallo condenatorio.

Por virtud de todo lo expuesto debe revocarse la sentencia recurrida y ordenarse la celebración de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.