La Juez Asociada Señora Rodríguez Rodríguez
emitió la opi-nión del Tribunal.
Nos corresponde interpretar el Artículo 2.220 del Código de Seguros, 26 L.P.R.A. see. 222, para determinar si la Ofi-cina del Comisionado de Seguros (O.C.S.) está obligada a celebrar una vista cuando una parte afectada por una or-den previamente emitida por el Comisionado así la solicita.
Veamos los hechos particulares de los casos que se en-cuentran ante nuestra consideración, los cuales fueron consolidados por presentar una controversia idéntica.
I
A. Oficina del Comisionado de Seguros v. Integrand Assurance Company, AC-2007-14
Carpets & Rugs Warehouses, Inc. y Carpet Mart, Inc. (Carpets) adquirieron una póliza comercial de Integrand Assurance Company, Inc. (Integrand) para cubrir los daños que pudiera sufrir un edificio comercial localizado en el sector industrial Santa Rosa en Bayamón, Puerto Rico. En la madrugada del 18 de octubre de 2004 ocurrió un incen-dio en el referido edificio.
A raíz del incendio, Carpets presentó una reclamación ante su aseguradora, Integrand, en la cual incluyó, entre otras cosas, una partida de $300,000 por la pérdida de rentas. Integrand cursó a Carpets una oferta transaccional y ofreció $300,000 por la pérdida de rentas según expuesto en la reclamación. Sin embargo, respecto a las demás par-tidas, ofreció cantidades diferentes a las reclamadas. El 19 *904 de abril de 2005 Carpets aceptó la oferta de pago de $300,000 por la pérdida de rentas y no aceptó lo ofrecido para las demás partidas.
Luego de varios requerimientos de pago, el 10 de octu-bre de 2005 Carpets presentó ante la O.C.S. una solicitud de investigación contra Integrand, por considerar que ésta no había atendido adecuadamente su reclamación. La O.C.S. cursó a Integrand una notificación de investigación. Luego de la contestación de Integrand, la O.C.S. determinó que Integrand había infringido los Artículos 27.161 y 27.162 del Código de Seguros, 26 L.P.R.A. secs. 2716a y 2716b, y la Carta Normativa N-I-4-52-2004, por lo que le impuso una multa administrativa de $20,000 dólares.
Integrand solicitó una vista administrativa. Por su parte, la representación legal de la O.C.S. presentó una solicitud de resolución sumaria. Integrand se opuso por en-tender que el Artículo 2.220 del Código de Seguros, supra, obliga a la O.C.S. a celebrar una vista en su fondo en todas aquellas instancias en que cualquier persona perjudicada por una orden del Comisionado la solicite. Añadió que exis-tían hechos en controversia, por lo que no procedía la ad-judicación sumaria.
Finalmente, la O.C.S. confirmó la imposición de la multa mediante una resolución sumaria. Concluyó que la aseguradora no había controvertido los hechos materiales expuestos por la O.C.S., a pesar de habérsele concedido amplia oportunidad para ello.
Inconforme, Integrand acudió al Tribunal de Apelacio-nes y alegó, en lo pertinente, que la O.C.S. había errado al resolver a través del mecanismo sumario, pues según dis-puesto en el Artículo 2.220 del Código de Seguros, existe un derecho estatutario a vista en estos casos. Alegó ade-más, que la O.C.S. había errado al concluir que Integrand había incurrido en violación al Artículo 27.162 del Código de Seguros, supra. El Tribunal de Apelaciones confirmó la resolución administrativa. Determinó que resultaba inne- *905 cesaría la celebración de una vista, pues de los autos sur-gía que no existía controversia en cuanto a ningún hecho material.
De esta determinación, Integrand acudió ante nosotros reiterando sús planteamientos ante el foro apelativo inter-medio de que tenía un derecho establecido en ley a que se celebrara una vista administrativa.
B. Comisionado de Seguros de Puerto Rico v. American International Insurance Company, AC-2007-17
La estudiante Rosanna Ramón Santos sufrió una caída en el Colegio Universitario de Humacao, a raíz de la cual se presentó una reclamación contra la Universidad de Puerto Rico. American Internacional Insurance Company of Puerto Rico (AIICo) mantenía una póliza de responsabi-lidad civil asegurando a la universidad. El 26 de agosto de 1999 Underwriters Adjustment Company, Inc., que fungía como ajustadora de AIICo, denegó la reclamación de Ra-món Santos por entender que los daños reclamados no ocu-rrieron por actos negligentes de la Universidad. Posterior-mente, la Sra. Carmen R. Santos González, madre de Ramón. Santos, solicitó la intervención de la O.C.S. en cuanto a la reclamación en cuestión.
El 19 de julio de 2005 la O.C.S. expidió una orden contra AIICo y Underwriters Adjustment Company, Inc., en la cual le impuso una multa de $1,000 a cada una por no haber resuelto la reclamación dentro del término dispuesto en ley. Las compañías presentaron una solicitud de recon-sideración y vista. La vista solicitada se pautó. Por su parte, la O.C.S. presentó una moción de resolución suma-ria, pues no existía controversia sobre los hechos materiales.
La O.C.S. emitió una resolución dejando sin efecto el señalamiento de vista y concedió un plazo de veinte días a las compañías para que presentaran su oposición a la soli-citud de resolución sumaria. En su oposición, las compa- *906 ñías se limitaron a plantear que el mecanismo sumario no estaba disponible para resolver este tipo de caso. Argüye-ron que el Artículo 2.220 del Código de Seguros otorga el derecho absoluto a una vista a toda persona perjudicada por una orden del Comisionado.
La O.C.S. concedió un término adicional para que las compañías se opusieran a los méritos de la solicitud de resolución sumaria. Las compañías presentaron una mo-ción de reconsideración de la resolución interlocutoria en la que sólo incluyeron un escueto listado de hechos alegada-mente en controversia, y reiteraron su derecho a que se celebrara una vista. La O.C.S. dictó una resolución suma-ria en la que confirmó la multa impuesta por entender que no se habían controvertido los hechos incluidos en la mo-ción para que se adjudicase el caso por vía sumaria.
Ante tal proceder, AIICo presentó un recurso de revisión en el Tribunal de Apelaciones. En éste alegó que había errado la O.C.S. al resolver sumariamente el caso, priván-dole así de su derecho a una vista administrativa. El foro intermedio confirmó la resolución recurrida por entender que AIICo no controvirtió los hechos expuestos en la solici-tud de resolución sumaria.
Inconforme, AIICo acudió ante nosotros. Alegó que erró el Tribunal de Apelaciones al resolver que la O.C.S. podía dictar su resolución de forma sumaria. En la alternativa, alegó que existían hechos en controversia, por lo que no procedía resolver sumariamente.
C. Oficina del Comisionado de Seguros v. American Inter-nacional Insurance Company, AC-2007-18
Mediante una carta de 22 de febrero de 2003, el Lie. Edgardo Santiago Lloréns notificó a AIICo, compañía ase-guradora del Recinto Metropolitano de la Universidad In-teramericana de Puerto Rico, de un accidente sufrido por la Srta. Jessica Rivera Cartagena en la referida universidad. Mientras esperaba una respuesta, Rivera *907 Cartagena presentó una demanda de daños contra la uni-versidad y AIICo.(1)
El 1 de agosto de 2003, más de un año después de en-viada la carta a la aseguradora para notificar el accidente, el licenciado Santiago Lloréns cursó una comunicación al Comisionado de Seguros indicándole que hasta ese mo-mento no había recibido ninguna respuesta respecto a la reclamación en cuestión. Dicha comunicación dio inicio a una investigación de la O.C.S.
El 10 de octubre de 2005 la O.C.S. emitió una orden imponiendo a AIICo una multa administrativa de mil qui-nientos $1,500 dólares por no haber resuelto la reclama-ción dentro del término dispuesto en ley y por haber divul-gado información falsa respecto al negocio de seguros. AIICo presentó una moción de reconsideración y solicitud de vista. A raíz de la petición, se señaló la vista solicitada. Posteriormente, la O.C.S. solicitó que se adjudicase el caso mediante el mecanismo de resolución sumaria. Ante esta petición, se dejó sin efecto el señalamiento de vista y se le concedió un término a AIICo para oponerse a la solicitud de resolución sumaria.
En su oposición, AIICo alegó que según lo dispuesto en el Artículo 2.220 del Código de Seguros no se podía adjudi-car el caso por la vía sumaria. Además, señaló que existían hechos materiales en controversia, lo que también impedía la adjudicación sumaria. No obstante, la aseguradora no presentó prueba alguna para sostener la existencia de los alegados hechos en controversia. La O.C.S. dictó resolución sumaria confirmando la multa impuesta a AIICo.
AIICo acudió al Tribunal de Apelaciones mediante un recurso de revisión en el que alegó que erró la O.C.S. al resolver sumariamente el caso, privando a la aseguradora de su derecho a una vista administrativa. El foro interme-dio revocó la resolución recurrida. Explicó que el Artículo *908 2.220 del Código de Seguros obliga al Comisionado de Se-guros a celebrar una vista cuando la parte afectada por una orden así lo solicita. Añadió que, de todas formas, exis-tía uná controversia relacionada con la fecha en que se recibió la reclamación, por lo que no procedía resolver sumariamente.
De esta determinación la O.C.S., por conducto del Pro-curador General, acudió ante nosotros. Señaló que había errado el Tribunal de Apelaciones al concluir que el Artí-culo 2.220 del Código de Seguros obliga a la O.C.S. a cele-brar las vistas administrativas allí dispuestas siempre que las personas perjudicadas así lo soliciten. Alegó además, que los hechos materiales del caso no estaban en controversia.
El 16 de marzo de 2007, acogimos los tres recursos como certiorari y los consolidamos. Estando en posición de resolver, pasamos a hacerlo.
II
A. La controversia que debemos resolver es, en primer turno, si la O.C.S. está obligada o no a celebrar una vista administrativa cuando una parte afectada por una orden del Comisionado de Seguros así lo solicite. Las compañías aseguradoras arguyen que el Artículo 2.220 del Código de Seguros establece que es obligatorio celebrarlas una vez se solicitan. De otra parte, la O.C.S. alega que, leído correcta-mente ese mismo artículo, se debe concluir que celebrar la vista o no es un asunto netamente discrecional, no obligatorio. Nos corresponde entonces interpretar el al-cance del Artículo 2.220. Pueblo v. De Jesús Delgado, 155 D.P.R. 930, 941 (2001); Alonso García v. S.L.G., 155 D.P.R. 91, 99 (2001); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 214 (1990). En esta gestión debemos regirnos por las normas generales aplicables a la interpretación de las leyes.
*909 Es norma establecida que “al interpretar y aplicar un estatuto hay que hacerlo teniendo presente el propósito social que lo inspiró”. Col. Ópticos P.R. v. Pearle Vision Center, 142 D.P.R. 221, 228 (1997). Véanse, además: Depto. Estado v. U.G.T., 173 D.P.R. 93 (2008); Departamento Hacienda v. Telefónica, 164 D.P.R. 195 (2005); Morales v. Adm. Sistemas de Retiro, 123 D.P.R. 589, 595 (1989). Por lo tanto, la interpretación que se le dé al estatuto debe ser la que mejor responda a los propósitos que persigue. Departamento Hacienda v. Telefónica, supra.
Igualmente, “[d]ebemos interpretar la ley como un ente armónico, dándole sentido lógico a sus diferentes secciones, supliendo las posibles deficiencias cuando esto fuera necesario”. Departamento Hacienda v. Telefónica, supra, pág. 204. Véase Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 749 (1992). Siendo así, cuando existan disposiciones dudosas en un estatuto, éstas deben interpretarse a la luz de las demás disposiciones y atribuirles el sentido que resulte del conjunto de todas. Departamento Hacienda v. Telefónica, supra.
En el ámbito particular del derecho administrativo, la interpretación que haga una agencia del estatuto que ad-ministra merece deferencia de los tribunales. P.R.T.C. v. J. Reg. Tel. de P.R., 151 D.P.R. 269, 282 (2000); Vázquez v. A.R.Pe., 128 D.P.R. 513, 523-524 (1991).
A la luz de los criterios esbozados, examinemos las dis-posiciones legales aplicables a esta controversia.
B. El Artículo 2.220 del Código de Seguros rige todo lo concerniente al proceso de vistas en los procedimientos administrativos que se ventilan ante la Oficina del Comisionado de Seguros. El artículo dispone:
(1) El Comisionado celebrará las siguientes:
(a) Vistas requeridas por disposición de este título.
(b) Vistas consideradas necesarias por el Comisionado para fines que caigan dentro del alcance de este título.
(c) Vistas solicitadas por cualquier persona perjudicada por *910 algún acto, amenaza de acto, informe, promulgación, regla, reglamento u orden del Comisionado.
(2) Toda solicitud para una vista deberá ser por escrito, de-berá especificar los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que habrá de basar su solicitud. El Comisionado celebrará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo. 26 L.P.R.A. see. 222.
Integrand alega que la palabra “celebrará”, contenida en el enunciado general del artículo, implica que la O.C.S. está obligada a celebrar una vista siempre que una parte perjudicada por alguna actuación del Comisionado la soli-cite, conforme se autoriza en el inciso (c) del Artículo 2.220. No estamos de acuerdo.
Al interpretar el enunciado general de este artículo, lo debemos hacer en armonía con las disposiciones de los in-cisos posteriores. Por eso, aun cuando el enunciado general establece que el Comisionado “celebrará las siguientes” vistas, lo que parece ser un mandato, una vez evaluada esta disposición en conjunto con los incisos posteriores que la modifican advertimos que lo que parecía ser obligatorio, no lo es. Nos explicamos.
En primer lugar, el inciso 1(a) del Artículo 2.220 regula las “vistas requeridas” por disposición del Código de Seguros. Este inciso hace obligatoria la celebración de una vista cuando alguna disposición del Código de Seguros or-dena celebrar vistas. Dicho inciso claramente alude a vistas “requeridas” por el estatuto. Adviértase, sin embargo, que es el adjetivo “requeridas” contenido en el inciso 1(a) el que establece la obligatoriedad de la celebración de dichas vistas, y no la palabra “celebrará” contenida en el enun-ciado general.
Por otro lado, las vistas a las que se refiere el inciso 1(b) son discrecionales. Lo que disipa las dudas en cuanto a la discreción del Comisionado para celebrarlas es que el in-ciso particular establece claramente que se refiere a las vistas “consideradas necesarias por el Comisionado”.
*911 En otras palabras, los incisos (a) y (b) del Artículo 2.220 regulan dos clases de vistas. La primera (Artículo 2.220(a)) es una vista de carácter obligatorio ordenada por el propio Código de Seguros en otras de sus disposiciones.(2) El se-gundo tipo de vistas (Artículo 2.220 (b)) es una vista dis-crecional, cuya celebración dependerá de la determinación que haga el propio Comisionado sobre si es o no conve-niente llevarla a cabo. La celebración de estas vistas se enmarca en el ejercicio de la discreción de este funcionario.
De acuerdo con lo anterior, resulta incorrecto utilizar la palabra “celebrará”, incluida en el enunciado general del Artículo 2.220, para resolver si las vistas a las que se re-fiere el inciso (l)(c) son o no obligatorias. Como vimos, dicho enunciado también complementa los dos incisos ante-riores que se refieren tanto a vistas requeridas como a vistas discrecionales. Examinemos entonces el contenido de los incisos (l)(c) y (2) del precitado artículo, los cuales regulan las vistas solicitadas por cualquier persona perju-dicada por algún acto del Comisionado de Seguros.
El inciso (l)(c) del Artículo 2.220 regula la celebración de las vistas solicitadas por cualquier persona perjudicada por algún acto, amenaza de acto, informe, promulgación, regla, reglamento u orden del Comisionado, mientras el inciso (2) establece la forma en que se debe hacer dicha solicitud de vista. Particularmente, este último dispone que la solicitud de vista “deberá especificar los ex-tremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que habrá de basar su solicitud”.
El requisito de fundamentar la solicitud de vista es un requisito de forma. Sin embargo, los requisitos de forma también tienen una razón de ser. No tendría ningún sentido exigir que se fundamente la solicitud de vista si los *912 fundamentos para solicitarla son irrelevantes para su concesión. Ello equivaldría a interpretar que el legislador arbitrariamente impuso un escollo a la parte que solicita una vista. Véase E.R. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de la Leyes en Puerto Rico, 2da. ed., San Juan, Pubs. J.T.S., 1987, Vol. 1, Cap. 44, pág. 316 (“Todo lo que ha dicho [el legislador] ha sido por alguna razón y a todo lo que ha expresado debe dársele efecto .... Siempre tiene que haber una razón que ha tenido el legis-lador para aprobar cada una de las disposiciones de la ley”). Es por esto que coincidimos con la posición del Pro-curador General en cuanto a que el hecho de que la solici-tud de vista deba estar fundamentada, es indicativo de que el Comisionado tiene discreción para denegarla si consi-dera que, a base de los fundamentos expuestos en la soli-citud, no hay razón para concederla.
Por otra parte, resulta importante aclarar que al indicarse en el inciso (2) que “[e]l Comisionado celebrará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo”, lo que se persigue es establecer el término dentro del cual el Comisionado debe celebrár la vista una vez concedida, sin más.
Para sustentar su posición, el Procurador nos refiere al Artículo 2.260 del Código de Seguros,. 26 L.P.R.A. see. 226. Este artículo establece que “[l]a apelación procederá únicamente contra una resolución del Comisionado emitida en un asunto en el que se hubiere concedido vista, o de una orden, del Comisionado denegando la vista”. Continúa diciendo que “[c]ualquier persona perjudicada por tal resolución u orden del Comisionado podrá apelar de la misma”. El Procurador arguye que de esta disposición surge que el Comisionado de Seguros tiene discreción para denegar las vistas solicitadas. Tiene razón.
No se puede denegar algo que no se ha solicitado. Por lo tanto, una orden del Comisionado “denegando” la vista, im- *913 plica que ha mediado una solicitud de vista. Como dijimos, los incisos (l)(c) y (2) son los que regulan las vistas solici-tadas por una parte. El inciso (l)(c) regula las vistas soli-citadas por cualquier persona perjudicada por algún acto, amenaza de acto, informe, promulgación, regla, regla-mento u orden del Comisionado. Nótese que se incluyen todas las instancias en las que una parte puede solicitar una vista. Por lo tanto, el derecho otorgado por el Artículo 2.260 de apelar una orden del Comisionado que denegó la vista indudablemente se refiere a una vista solicitada al amparo del inciso (l)(c) del Artículo 2.220. Bernier y Cué-vas Segarra, op. cit., pág. 315 (“deben interpretarse las diferentes secciones [de la ley], las unas en relación con las otras, completando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador”).(3)
Somos del criterio que, cuando celebrar una vista suponga una dilación injustificada del proceso administrativo, el Comisionado de Seguros debe téner la autoridad para denegar la vista que se le ha solicitado. Este debe tener flexibilidad para, sin perjuicio de los válidos reclamos instados ante su consideración, manejar y resolver los asuntos ante sí de la manera más expedita posible. De lo contrario, se dilata la pronta résolución de las controversias y se propende a . incurrir en gastos adicionales injustificados. “La ley no puede permitir que se hagan co- *914 sas inútiles y vanas.” Celis Alquier v. Méndez, 18 D.P.R. 88, 93 (1912). Además, “los tribunales deben evitar la interpre-tación de un estatuto que pueda conducir a resultados irrazonables o absurdos”. Díaz Marín v. Mun. de San Juan, 117 D.P.R. 334, 342 (1986). Véase Passalacqua v. Mun. de San Juan, 116 D.P.R. 618, 632 (1985).
Por último, es preciso indicar que esta interpretación de las disposiciones que gobiernan los procedimientos de vistas ante el Comisionado de Seguros es cónsona con la naturaleza flexible, ágil, sencilla, rápida y económica de los procedimientos administrativos. Flores Concepción v. Taino Motors, 168 D.P.R. 504 (2006); Hosp. Dr. Domínguez v. Ryder, 161 D.P.R. 341, 346 (2004). Véase Bernier y Cue-vas Segarra, op. cit., pág. 260 (“a la hora de llevar a cabo la interpretación ha de atenerse a la valoración dominante en la sociedad del tiempo en que la ley ha de ser aplicada”). Con esta interpretación integradora de las distintas cláu-sulas del Artículo 2.220 propiciamos una interpretación ar-moniosa del artículo y compatible con la naturaleza del procedimiento administrativo.
III
A. Establecido lo anterior, nos corresponde evaluar si la O.C.S. abusó de su discreción al denegar las vistas soli-citadas en estos casos y confirmar las multas impuestas en los casos ante nuestra consideración. En esta función, nos guiaremos por los principios aplicables a la revisión judicial de decisiones administrativas.
Es norma reiterada que las decisiones de las agencias administrativas merecen gran deferencia de los foros judiciales. Empresas Ferrer v. A.R.Pe., 172 D.P.R. 254 (2007); Misión Ind. P.R. v. J.C.A., 145 D.P.R. 908, 929 (1998); Otero v. Toyota, 163 D.P.R. 716 (2005). “[L]a revisión judicial de decisiones administrativas debe limitarse a determinar si la agencia actuó arbitraria o ilegalmente, o *915 en forma tan irrazonable que su actuación constituye un abuso de discreción.” Rebollo v. Yiyi Motors, 161 D.P.R. 69, 76 (2004). Véanse: Fuertes y otros v. A.R.Pe., 134 D.P.R. 947, 953 (1993); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Procedemos entonces a exponer, en apretada síntesis, los hechos medulares de cada uno de los casos que demues-tran que la O.C.S. no abusó de su discreción al confirmar las multas impuestas mediante resolución sumaria.
B. En el caso AC-2007-14, el 5 de octubre de 2006, me-diante resolución sumaria, la O.C.S. confirmó la imposi-ción de una multa de $20,000 dólares a Integrand por vio-lación a los Artículos 27.161 y 27.162 del Código de Seguros, los cuales dictan, en lo pertinente:
[Artículo 27.161]. Prácticas desleales en el ajuste de reclama-ciones
En el ajuste de reclamaciones ninguna persona incurrirá o llevará a cabo, cualquiera de las siguientes prácticas deslea-les:
(6) No intentar de buena fe de llevar a cabo un ajuste rá-pido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad.
(12) Rehusar transigir rápidamente una reclamación cuando clara y razonablemente surge la responsabilidad bajo una porción de la cubierta, con el fin de inducir a una transac-ción bajo otra porción de la cubierta de la póliza. 26 L.RR.A. sec. 2716a.
[Artículo 27.162]. Término para la resolución de reclamaciones
(1) La investigación, ajuste y resolución de cualquier recla-mación se hará en el período razonablemente más corto dentro de los primeros cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren nece-sarios para disponer de dicha reclamación. Sólo cuando me-dien causas extraordinarias se podrá extender ese primer pe-ríodo, pero tal extensión nunca podrá exceder el término de noventa (90) días desde la fecha en que se sometió la reclamación. En aquellos casos en que el asegurador necesite *916 un término adicional a los noventa (90) días, deberá así solici-tarse por escrito al Comisionado veinte (20) días antes del ven-cimiento de dichos noventa (90) días, debiendo también notifi-carse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera. 26 L.P.R.A. see. 2716b.
No existe controversia en cuanto a que las aseguradas en este caso, desde el 19 de abril de 2005, habían aceptado el ofrecimiento de pago de una partida de $300,000 por pérdida de rentas, aun cuando no había acuerdo respecto a las demás partidas reclamadas. No obstante, al momento de la orden inicial de la O.C.S. imponiendo la multa, ha-bían transcurrido más de 330 días sin que Integrand hi-ciera el pago de esta partida, lo cual, sin más, constituye una violación a los precitados Artículos 27.161 y 27.162.
Por otra parte, el Artículo 27.350 del Código de Seguros, 26 L.P.R.A. see. 2735, establece que “[e]n adición a cualquier penalidad provista o en lugar de la misma, a cualquier persona que violare una disposición de este capítulo podrá imponérsele una multa administrativa que no excederá .de diez mil dólares ($10,000)”. En virtud de lo anterior, la O.C.S. no abusó de su discreción al confirmar mediante resolución sumaria la multa de $20,000 impuesta a Integrand.
Finalmente, hay que destacar que Integrand tuvo am-plia oportunidad de presentar sus argumentos mediante la contestación e impugnación a la investigación y el recurso de oposición a la solicitud de resolución sumaria, por lo que el procedimiento seguido en su contra no constituyó una violación a su debido proceso de ley. Por todo lo anterior, se confirma la sentencia emitida por el Tribunal de Apelado- *917 nes en el caso AC-2007-14, la cual confirmó a su vez la resolución sumaria de la O.C.S.(4)
C. En el caso AC-2007-17, el 19 de julio de 2005 la O.C.S. expidió una orden contra AIICo y Underwriters Adjustment Company Inc., mediante la cual impuso una multa administrativa de $1,000 a cada una. En síntesis, la O.C.S. determinó que las compañías se habían tardado 430 días en resolver una reclamación, en contravención a lo dispuesto en el precitado Artículo 27.162(1) del Código de Seguros.
Posteriormente, la O.C.S. presentó una solicitud de re-solución sumaria. La oposición a la solicitud de resolución sumaria presentada por las compañías se circunscribió a argumentar que el mecanismo de resolución sumaria no estaba disponible en este procedimiento administrativo. Aun cuando se mencionó que existían hechos en controver-sia, no se indicó cuáles eran.
Luego de dictarse una resolución interlocutoria decla-rando “no ha lugar” la oposición a la solicitud de resolución sumaria, las compañías presentaron una solicitud de re-consideración en la cual se hace una escueta lista de los hechos en controversia. No obstante, ninguno de los hechos señalados por la aseguradora indica el periodo durante el cual la reclamación estuvo pendiente de resolverse, lo que constituye el fundamento para la imposición de las multas. Con lo cual, no cabe hablar de que existía una controversia real sobre hechos materiales que impidieran la resolución sumaria del asunto ante la consideración de la O.C.S.
A base de lo anterior, debemos concluir que la O. C.S. no abusó de su discreción al 'confirmar-sumariamente la im- *918 posición de una multa de $1,000 a cada una de las compañías. Cabe destacar que en este caso las compañías tuvieron también amplia oportunidad de presentar sus ar-gumentos, por lo que el procedimiento llevado en su contra tampoco constituyó una violación a su debido proceso de ley, como intiman. Siendo así, se confirma la sentencia emi-tida por el Tribunal de Apelaciones en el caso AC-2007-17, mediante la cual se confirmó la resolución sumaria de la O.C.S.
D. En el caso AC-2007-18, la O.C.S. dictó una resolución sumaria en la que confirmó una multa de $1,500 impuesta a AIICo, también por violación al término para la resolución de reclamaciones establecido en el precitado Artículo 27.162(1) y por violación al Artículo 27.040 del Código de Seguros. Este último establece que
[n]inguna persona hará o divulgará oralmente o de alguna otra manera ningún anuncio, información, asunto, declaración o cosa que:
(5) Contenga una aseveración, representación o declaración falsa, falaz o engañosa con respecto al negocio de seguros o con respecto a una persona en el manejo de su negocio de seguros. Artículo 27.040 del Código de Seguros de Puerto Rico, 26 L.P.R.A. see. 2704(5).
Como indicamos, AIICo acudió al Tribunal de Apelacio-nes mediante un recurso de revisión por estar inconforme con la determinación del Comisionado. El foro intermedio resolvió que el mecanismo de resolución sumaria no estaba disponible en las instancias en que una parte perjudicada por una orden del Comisionado solicita la celebración de una vista. Como ya señalamos, dicha determinación es errónea. Además, el Tribunal de Apelaciones resolvió que existía controversia en cuanto a si la carta enviada a la aseguradora para reclamar la compensación correspon-diente, en efecto constituía una reclamación. Conforme con ello, ordenó que se celebrara urna vista. De esta determina-ción acudió ante nosotros la O.C.S.
*919 Surge del expediente que en la solicitud de extensión de término para resolver la reclamación presentada ante la O.C.S., la aseguradora indicó que la reclamación se recibió el 8 de julio de 2003, es decir, el día en que fue emplazada con copia de la demanda civil que había sido instada en su contra. Sin embargo, posteriormente, en la moción en cum-plimiento de orden de investigación, la aseguradora aceptó que recibió la reclamación el 27 de febrero de 2003. A base de la discrepancia en las fechas de recibo de la reclama-ción, y tomando como cierta la fecha del 27 de febrero de 2003, según admitido por la propia aseguradora, la O.C.S. emitió una orden en la que impuso a la aseguradora una multa de $1,500 por violaciones a los Artículos 27.162(1) y 27.040(5).
No fue sino hasta que presentó la moción de reconside-ración de la orden y solicitud de vista ante la O.C.S., que AIICo alegó que la carta recibida el 27 de febrero de 2003 no constituía una reclamación formal que diera comienzo al término para la resolución de reclamaciones establecido en el Artículo 27.162(1). La carta fue incluida en la solici-tud de resolución sumaria, lo que indica que la O.C.S. la examinó y determinó que en efecto constituía una reclama-ción válida. Luego, en la oposición a que se dictara resolu-ción sumaria, AIICo alegó que la reclamación se envió el 22 de febrero de 2003 y simplemente omitió la fecha de su recibo. El lenguaje utilizado en la referida moción, indica que AIICo consideró la carta como una reclamación.
Según lo anterior, resulta forzoso concluir que la O.C.S. no abusó de su discreción al confirmar sumariamente las multas impuestas, por entender que la aseguradora violó el Artículo 27.040(5) al incluir información falsa en la solici-tud de extensión de término y que ésta no cumplió con el término establecido en el Artículo 27.162(1) para la resolu-ción de reclamaciones. En virtud de lo cual, procede revocar la sentencia emitida por el Tribunal de Apelaciones en el caso AC-2007-18 y reinstalar la resolución de la O.C.S.

*920
Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López disintió con una opinión escrita. El Juez Asociado Señor Rivera Pérez no intervino.

 El pleito fue adjudicado mediante sentencia por transacción el 17 de diciem-bre de 2004.

 Véase, a modo de ejemplo, el Artículo 12.220(4) del Código de Seguros, 26 L.P.R.A. see. 1222(4).

 Integrand Assurance Company, Inc. alega que es obligatorio celebrar una vista según lo establecido en el Artículo 1(d) de la Regla I del Reglamento Promul-gado de Acuerdo con el Artículo 2.040 del Código de Seguros de Puerto Rico, Regla-mento de la Oficina del Comisionado de Seguros de Puerto Rico Núm. 481 de 7 de enero de 1958, pág. 1. El referido artículo dispone:
“(d) Si el Comisionado decide que la querella procede, ordenará, conforme a lo dispuesto en el Código de Seguros de Puerto Rico, Artículo 2.220, la celebración de una vista y hará que un abogado de su oficina tramite dicha querella notificando con copia de la misma al querellado, a la parte que radicó la querella y a todas las partes directamente afectadas por dicha vista.”
Claramente el Reglamento establece que las vistas se celebrarán conforme a lo establecido en el Artículo 2.220, por lo que el argumento de Integrand resulta inmeritorio.

 La OCS también encontró que Intengrand infringió lo establecido'en la carta normativa N-I-4-52-2004. Sobre lo anterior, Integrand alegó en su recurso ante este foro que dicha carta constituye una regla interpretativa, por lo que no procedía una sanción en virtud de ésta. Por entender que la multa impuesta se sostiene en virtud de las violaciones a los Artículos 27.161 y 27.162 del Código de Seguros, 26 L.P.R.A. secs. 2716a y 2716b, no entraremos a discutir dicho planteamiento.